RUCKER, J.,
dissenting.
In a well-reasoned opinion the Court of Appeals analyzed the Habitual Traffic Violator statute both before and after the 2004 amendments as well as pertinent case authority interpreting the statute. Affirming the trial court’s judgment the Court of Appeals concluded, “[tjhese considerations, along with the requirement that we construe penal statutes strictly against the State and resolve ambiguities in favor of the accused, lead us to hold that the [HTV] statute requires that the State prove the defendant knew his or her license was suspended because of that person’s status as an HTV.” State v. Jackson 864 N.E.2d 431, 436 (Ind.Ct.App.2007). In my view the Court of Appeals got it right.
There are of course consequences for driving a vehicle knowing that one’s license is suspended, namely the risk of possible arrest and conviction for a Class A misdemeanor. One could envision a person taking that risk, for whatever reason. However a driver faced with the potential of a Class D felony might very well have second thoughts. In my view it is not enough to say that person must simply know his or her driver’s license is suspended. It seems to me the structure of the statute is such that a driver must be put on notice of the greater risk of becoming a convicted felon. I therefore respectfully dissent and would affirm the judgment of the trial court.
SULLIVAN, J., concurs.